**Nelson Ulises VILLALATA–BERRERA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–72651.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 25, 2011.*

Filed Oct. 31, 2011.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nelson Ulises Villalata–Berrera, Cerritos, CA, pro se.

DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TROTT, GOULD, and RAWLINSON, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

## MEMORANDUM **

Nelson Ulises Villalata–Berrera, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Khan v. Holder,* 584 F.3d 773, 776 (9th Cir.2009), and we deny the petition for review.

The agency did not err in finding Villalata–Berrera removable under 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony drug trafficking crime under 8 U.S.C. § 1101(a)(43)(B). His state conviction for conspiracy to possess cocaine for sale has an equivalent federal felony, *see* 21 U.S.C. §§ 841(a)(1), 846; *Rendon v. Mukasey,* 520 F.3d 967, 974 (9th Cir.2008) ("[A] state drug crime is an aggravated felony if it would be punishable as a felony under the federal drug laws."), and the judicially noticeable conviction documents in the record reveal that the controlled substance at issue was cocaine, *see Valencia v. Gonzales,* 439 F.3d 1046, 1054 (9th Cir.2006) (court may consider transcript from the plea proceedings under the modified categorical approach).

In light of his aggravated felony conviction, the agency did not err in concluding that Villalata–Berrera was ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(a)(3).

**PETITION FOR REVIEW DENIED.**